## GLOVER v. BLAKESLEE.

1. Excluding evidence which is either immaterial or of no probative value to the party offering it affords him no just cause of complaint.
2. A new trial should not be granted because of erroneous instructions to the jury, when it appears that their verdict was demanded by the evidence.
3. In the present case the verdict rendered was, under the law and the facts, required.

Submitted May 1, — Decided June 9, 1902.

Levy and claim. Before Judge Butt. Talbot superior court. August 19, 1901.

*Goetchius & Chappell* and *Persons & McGehee*, for plaintiff in error. *J. J. Bull* and *Clyde Brooks*, contra.

LUMPKIN, P. J. On April 7, 1883, John T. McBryde borrowed a sum of money from Francis L. Archy, giving therefor a promissory note and securing the payment of the same by a deed to certain land. Attached to this deed was an instrument signed by the wife of McBryde. It read as follows: "I, Gracie Elizabeth Mc-Bryde, wife of John T. McBryde, having had the above and fore-going deed to Francis L. Archy read over to me, and being fully informed of its contents, I hereby fully and voluntarily consent to the same and approve of the conveyance made." When the debt thus created matured, McBryde, being unable to pay it, applied to Nelson & Barker, a firm of brokers, "to get the money for him from some other party and on the same security." They submitted his application for a loan to Marshall W. White, who accepted it, and the loan was closed and "new papers taken." That is to say, Mc-Bryde executed a new note payable to White, dated March 20, 1888, and due March 20, 1893, and gave to him a security deed covering the same land as that described in the conveyance he had previously made to Archy. The deed from McBryde to White was dated March 20, 1888. On June 3, 1893, White made and delivered to Blakeslee a deed to the land above mentioned, and also indorsed to him the note of McBryde. Subsequently, McBryde having died, Blakeslee obtained a judgment against his executor, Charles McBryde, and thereafter filed and had recorded a deed to him as such executor, the same being made for the purpose of levy and sale under an execution issued upon that judgment. In re-

sistance to a levy of this execution upon the land in question, Mrs. Glover, who was the sole heir at law of Mrs. John T. McBryde, whose death occurred shortly after that of her husband, interposed a claim. On the trial of the claim case the facts above recited appeared, and it was also affirmatively shown that at the time John T. McBryde executed his deed to Archy, and up to the time of Mrs. McBryde's death, she held the legal title to this land, her ownership thereof being evidenced by several deeds, all of which had been duly recorded prior to April 7, 1883. The jury found the property not subject; whereupon Blakeslee made a motion for a new trial, which was granted, and Mrs. Glover excepted. The grounds of the motion were: (1) that the court erred in ruling out the testimony of one Hollerman, that his employers, Nelson & Barker, negotiated for John T. McBryde the loan which he obtained from Archy in 1883, and that "the loan is one and the same from the beginning to the present, each transaction being for the purpose of enabling McBryde to meet his maturing obligations and to save himself from being sued;" (2) that the court erred in giving certain instructions to the jury; and (3) that the verdict was contrary to the evidence.

1. There was no error in excluding the testimony just mentioned. It was entirely immaterial through what agents the loan from Archy to McBryde was made; and the statement of the witness that "the loan" was one and the same from beginning to end was a mere conclusion, and an erroneous conclusion at that; for the documentary evidence conclusively showed that the loan made to McBryde by White was an entirely new and distinct transaction.

2. It is unnecessary to deal with the question whether the charges excepted to were or were not erroneous; for the verdict returned by the jury was, as we shall undertake to show, demanded by the evidence, and ought to have been allowed to stand.

3. It does not affirmatively appear whether or not Archy ever made a reconveyance to McBryde. If not, then the latter certainly had no title when the levy was made. But giving to the plaintiff in execution the benefit of the assumption that such a reconveyance was in fact made, we are still of the opinion that at the time of the levy the title to the property was in the claimant as the sole heir at law of the deceased Mrs. McBryde. Even if the instrument quoted above, whereby she consented to and approved of the deed made by her husband to Archy, would, relatively to the latter, estop

her from setting up title in herself (a proposition as to which we express no opinion), it is quite clear that this instrument adds no strength to the position of Blakeslee, who, of course, stands in the shoes of White. Had he taken a deed from Archy, his situation would have been as good as that occupied by Archy; but White did nothing of the kind. On the contrary, he accepted a new and independent deed from McBryde, to which Mrs. McBryde was not a party, and with the making of which she, so far as appears, had no connection whatsoever. It certainly was not shown that she ever said or did anything to mislead White into the belief that she recognized the land in dispute as the property of her husband or was willing for him to deal with it as such. White was bound to take notice of the records evidencing the fact that the legal paper title was in her, and he had no right to assume that because on a previous occasion she consented to her husband's securing his debt by a deed to her land, she was willing for him to engage in a similar transaction with another. White not only had constructive notice that the legal title was in Mrs. McBryde, but there was at the trial below no attempt to show that he did not actually know such to be the fact. There is not a line of testimony to support the theory that any fraud or deceit was practiced upon him, or even that he acted upon the circumstance that she had consented to the making of the deed to Archy. Of course Mrs. Glover, as the sole heir of Mrs. McBryde, stands in precisely the same position as the latter would have occupied if she had lived and were now claiming the property levied on. We are, for the reasons just stated, of the opinion that the trial judge erred in setting the verdict aside, it being the only outcome of the pleadings and evidence which was legally possible.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*